UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALBERT WASHINGTON MAYWEATHER   CIVIL ACTION NO. 08-cv-0391

VERSUS   REFERRED TO:

U.S. COMMISSIONER SOCIAL   MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Albert Mayweather ("Plaintiff") was born in 1956, has a marginal education, and has past work experience as a commercial groundskeeper and as a sander/packer of paneling. ALJ Charles Lindsay analyzed Plaintiff's claim for disability benefits under the sequential five-step analysis. He found at step two that Plaintiff suffers from the following severe impairments: status post-multiple hernia repairs; hypertension; status post-cervical spine fusion; cervical and lumbar degenerative joint disease; Hepatitis C; and borderline intellectual functioning. He next determined at step three that the mental impairment did not meet or equal the requirements of Listings 12.04 or 12.05. He then proceeded to assess Plaintiff's residual functional capacity, determine at step four that Plaintiff could not perform his past relevant work, and find at step five that Plaintiff was capable of performing several jobs identified by a vocational expert. Thus, Plaintiff was found not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the

standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff argues on appeal that the ALJ's step-three finding that he does not meet Listing 12.05(C) is not supported by substantial evidence and is based upon a mistaken interpretation of the Listing's requirement. This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

Plaintiff's argument focuses on Listing 12.05(C), which provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

\*\*\*

> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function.

The ALJ found that Plaintiff "does have a valid verbal, performance, or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function ... ." Tr. 20. Thus, Plaintiff was found to have satisfied the demands of paragraph (C), but the ALJ interpreted the Listing to also require satisfaction of the introductory paragraph of the Listing, and he found that "the evidence does not support a finding of deficits in adaptive functioning, with an onset prior to age 22." Tr. 20.

Plaintiff argues that the ALJ's interpretation of the Listing is incorrect and that his satisfaction of paragraph (C) is, alone, enough to satisfy the Listing so that he is automatically deemed disabled without regard to his age, education, or work skills.

The Fifth Circuit, in an unpublished decision, recently treated the introductory paragraph requirement as a separate element of the Listing. In <u>Arce v. Barnhart</u>, 185 Fed. Appx. 437 (5th Cir. 2006), the claimant argued that she met Listing 12.05(C). The Court stated that to meet the Listing, the claimant's impairment "must satisfy the introductory paragraph of listing 12.05, which states that 'mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested ... before age 22.' " A medical consultant who examined the <u>Arce</u> claimant reported that the claimant did not have deficits in adaptive functions, and that report was

found to be substantial evidence that the claimant did not meet the Listing. The Fifth Circuit apparently reviewed the introductory paragraph as setting forth a third requirement to satisfy the Listing. Arce is unpublished and issued after January 1, 1996, so it is not precedential. Fifth Cir. R. 47.5.4. But it is certainly of persuasive value. And further support for its view is found in Maresh v. Barnhart, 438 F.3d 897 (8th Cir. 2006) and Humphries v. Barnhart, 183 Fed. Appx. 887 (11th Cir. 2006). This court has followed Arce in the past and will do so again today.

The next issue is whether Plaintiff satisfied his step-three burden of showing deficits in adaptive functioning initially manifested before the age of 22. Plaintiff points to his testimony that he quit school after the sixth grade and was in special education classes. School records could not be found to confirm the testimony, but there was no contrary evidence. The ALJ noted that there was no evidence, however, to show that Plaintiff did not quit school for reasons other than his mental impairment. Plaintiff himself testified that he was incarcerated or kept in a "reform school" from approximately age 13 until 18. The ALJ suggested that school attendance may have ended due to criminal activities rather than mental impairments. That is a reasonable supposition based on the record, and it must be kept in mind that Plaintiff bears the burden at step three.

Plaintiff's brief does not point to any other evidence that he believes establishes the required onset before the age of 22. Plaintiff's abilities as an adult do not suggest such limitations in his youth. Plaintiff has lived on his own, and he worked for 15 years in the

same job as a groundskeeper. The ALJ noted that Plaintiff testified "clearly and articulately, responding appropriately to the questions posed." Plaintiff was able to read simple things and perform some basic math, at least enough to count change correctly. Before Plaintiff worked as a groundskeeper, he successfully worked in a paneling manufacturing plant, sanding paneling and packaging it for distribution. See Tr. 19.

Psychologist Perry Hill performed a consultative evaluation of Plaintiff in 2005. Plaintiff was then homeless, living at a shelter facility, after losing his home because he lost his job (due to the company contracting out the work rather than because of his impairment). Plaintiff told Dr. Hill that he tended to all his personal and household needs when he was living independently. He could prepare simple meals, wash clothes, and have appropriate social interaction. Dr. Hill diagnosed Plaintiff as borderline intellectual functioning, but there was "no substantive data to indicate that these problems contribute to significant deficiencies in adaptive functioning or inability to perform daily activities." Tr. 209-13.

Dr. Webb Sentell, a clinical neuropsychologist, performed an evaluation in 2007. Plaintiff tested as mild mentally retarded to borderline intellectual functioning and Plaintiff's adaptive skills suggested that he "may actually be functioning within the lower limits of the borderline range of intellectual functioning." Tr. 401-04. Dr. Sentell completed a form that indicated Plaintiff had mild or moderate limitations in most areas, such as the ability to carry out instructions, interact appropriately with the public, and respond appropriately to work situations. Tr. 405-07.

Plaintiff's current conditions, obviously, are not the most direct evidence of whether he had deficits in adaptive functioning before age 22, but it is certainly relevant evidence. There is nothing about Plaintiff's current condition that would deprive the ALJ's decision of substantial evidence, and the only evidence present regarding Plaintiff's youth was discounted by the ALJ for the reasons discussed above. The ALJ applied the Listing in the correct way, and his decision that the introductory paragraph requirement was not met is supported by substantial evidence in the record. Accordingly, a judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE